**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ANTHONY SCOTT JOHNSON, 1024898,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:04-CV-1359-G |
| ) | ECF |
| **DOUGLAS DRETKE, Director, Texas** ) | |
| **Department of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Background**

On January 11, 2001, Petitioner was convicted of aggravated robbery. *State of Texas v. Anthony Johnson*, No. F-9972860-JN (195th Jud. Dist. Ct., Dallas County, Tex., Jan. 11, 2001). Petitioner was sentenced to sixty years confinement. On August 22, 2002, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Johnson v. State*, No. 05-01-00171-CR (Tex. App. – Dallas, no pet.). Petitioner did not file a petition for discretionary review.

On June 26, 2003, Petitioner filed a state habeas petition. *Ex parte Johnson*, Application No. 56,803-03. On October 1, 2003, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court. On January 23, 2004, Petitioner filed a second

state habeas petition. (Pet. at 4). *Ex parte Johnson*, Application No. 56, 803-05. On May 26, 2004, the Court of Criminal Appeals dismissed the petition for noncompliance with the appellate rules.

On June 14, 2004, Petitioner filed this federal petition. He argues his conviction and sentence are unlawful because: (1) the trial court committed error; (2) there was insufficient or no evidence to support the conviction; (3) he received ineffective assistance of counsel; and (4) evidence against him was obtained by an illegal search and seizure. On September 27, 2004, Respondent filed a preliminary response arguing the petition is time-barred. The Court finds the petition should be dismissed as barred by the one-year statute of limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**    Page -2-

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On August 22, 2002, Petitioner's conviction was affirmed. He did not file a petition for discretionary review. His conviction therefore became final thirty days later, on September 23, 2002.[2] *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until September 23, 2003, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 26, 2003, Petitioner filed his first state petition for habeas relief. This petition tolled the limitations period for ninety-eight days, until it was denied on October 1, 2003. When ninety-eight days are added to the one-year filing period, the new deadline was

---

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2]Thirty days from August 22, 2002, is Saturday, September 21, 2002. Pursuant to Tex. R. App. P. 4(a), the PDR was due on Monday, September 23, 2002.

December 30, 2003. On January 23, 2004, Petitioner filed a second state habeas petition. That petition, however, was filed after the one-year limitations period expired. It therefore did not toll the limitations period.

Petitioner was required to file his federal petition by December 30, 2003. He did not file his petition until June 14, 2004. His petition is therefore untimely.

## B.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner makes no argument that he is entitled to equitable tolling. Petitioner has not shown that he was prevented in some extraordinary way from asserting his rights. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed December 12, 2005.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).